## No. 6173.

### W. F. HALSEY ET AL. VS. LEOPOLD LANGE.

*It appears that the note sued upon was paid through Mouton, who was defendant's commission merchant in New Orleans, from the proceeds of defendant's cotton in his merchant's hands. Mouton, after he paid the note, pledged it to Cavaroc, who transferred it to plaintiffs. Mouton's account with defendant shows that he paid the note, as stated, and charged the amount to said defendant. Therefore the note was part due when it went into Cavaroc's hands. Plaintiffs can not recover upon it.*

APPEAL from the Seventh Judicial District, parish of Pointe Coupee. *Hewes, J. Farrar & Montgomery,* for plaintiffs and appellants. *Thomas Hunton,* for J. C. Peirce, the assignee of defendant.

TALIAFERRO, J. The plaintiffs proceeded *via executiva* to enforce the payment of defendant's note for $2500, with interest, by causing to be seized a certain plantation belonging to the defendant, and situated in the parish of Pointe Coupee. The defendant enjoined the sale of his property, alleging that the note sued upon had been paid, and that plaintiffs obtained fraudulent possession of it after it was paid, and with knowledge of that fact.

Judgment was rendered sustaining the allegation of the defendant that the note had been paid, and decreeing that it be canceled and annulled, and declared to be of no legal effect.

The plaintiffs have appealed.

The form of the plaintiffs' action was charged to a proceeding *via ordinaria.*

The facts elicited by the evidence are that Lange, in the latter part of the year 1870, bought at bankrupt sale a plantation in Pointe Coupee for the price of ten thousand dollars, taking title from Norton, the assignee. Half the price was paid in cash, and for the other half he executed his two promissory notes, each for $2500, one payable on the first of December, 1871, the other on the first of December, 1872. It is on the last-mentioned note, the one due in 1872, that this action is founded. This note was paid through Mouton, Lange's commission merchant in New Or-

leans, from proceeds of Lange's cotton in his merchant's hands. It seems that Mouton, after he paid the note, as just stated, to Norton, pledged it to Cavaroc, and the latter passed it off to Halsey and others, who proceeded to enforce its payment by executory process. There is a discrepancy in the testimony of Lange and his merchant, the latter saying that he was authorized by Lange to pledge the note. This Lange denies, and swears that he was surprised, the day after Mouton failed, when Cavaroc notified him that he was the holder of the note. Mouton's account with Lange shows that he paid the note to Norton and charged the amount to Lange. The note was past due when it was put into the hands of Cavaroc.

We think the plaintiff in injunction has fully made out his case, and that the decree of the lower court was correctly rendered.

It is therefore ordered that the judgment appealed from be affirmed with costs.